SEP 12 2005

FILED

2005 SEP 19 A 9:06

U.S. DISTRICT COURT
BRIDGEPORT, CONN

August 18, 2005

Clerk of the Court
United States District Court
District of Conneticut
Federal Courthouse Building
100 Lafayette Street
Bridgeport, CT 06006

Re: Request for Hearing
    Docket No. 3:03CR78(SRU)
    re; Writ of Execution/Wages Attachment

Dear Clerk:

Pursuant to the Federal Debt Colletion Act of 1990 28§3203(a) and 28§3104(a), the defendant hereby request a hearing to quash Writ of Execution filed in the District Court May 23, 2005, and so levied against the defendants sucessful administrative claim for wages with the State of Conneticut Department of Labor.

The defendants case is pending before the 2nd Circuit Court of Appeals The defendants judgement ordered by the District Court does not specify that the defendants restitution order is " due and payable immediately". Rather the order states that upon the defendants supervised release, the defendant shall pay $250.00 per month to the victims, as so ordered by the court. The court sentencing hearing transcripts clearify the order given by the court. (see page 101, 102 ) Immediately following the official service upon defendant by the U.S. Marshal, the defendant advised counsel and requested that counsel immediately file the appropiate notice with the District Court, pursuant to 28§3202(b) of the Federal Debt Collection Act. Counsel failed to file notice in a timely manner.

Respectfully, the defendant prays that the District Court grant defendants request for a hearing. The defendant moves to quash the Writ of Execution and the order granting such remedy. The defendant further prays that if his request is granted, that the appearance hearing be by teleconference or the hearing held at the Harrisburg Federal Courthouse in the District of Pennsylvania in the district where defendant resides, Lewisburg Federal Prison Camp, Lewisburg Pennsylvania.

Respectfully Submitted,

*Kenneth Moore*
Kenneth Moore
Defendant

cc: Ms. Deidre A. Murray, Counsel
    U S District Attorney's Office

1  forth in policy statement, Guideline Section 5D1.3c.
2  　　　　As special conditions of supervised release, I'm
3  going to order that you participate in a substance abuse
4  treatment program either as an inpatient or outpatient as
5  approved by the probation officer. This program can
6  include testing to determine whether you've used drugs or
7  alcohol, and you're going to be required to pay all or a
8  portion of the costs of that treatment based upon your
9  ability to pay in an amount to be determined by the
10  probation officer.
11  　　　　Second, you've going to be required to pay
12  restitution in total amount of $209,669.25 at the rate of
13  $250 per month. That amount is, that is the monthly
14  payment amount, is subject to adjustment, based upon your
15  financial ability to pay, either upwardly or downwardly
16  and that can be adjusted by court order based upon
17  information submitted by the U.S. Probation Office or upon
18  motion through counsel concerning your ability to pay.
19  　　　　Third, you're going to be prohibited from
20  incurring any new credit card charges or opening
21  additional lines of credit without approval of the
22  probation officer.
23  　　　　I'm going to waive a fine in this case based
24  upon my belief that if you make restitution payments as
25  required, you're not going to be able to afford to pay a

1   fine, and I prefer to see you make restitution than to pay
2   a fine to the government.
3           I am going to enter a restitution order as has
4   been proposed by the government, which lists the
5   individual victims and, just for the record, the victims
6   and the amounts of restitution are set forth in Attachment
7   A to the Government's May 17, 2004 Proposed Order of
8   Restitution, which I intend to enter. The only change I
9   intend to make to that order is that the order shall
10  provide that restitution be paid in the amount of $250 per
11  month, unless otherwise adjusted, rather than $100 per
12  month.
13          Mr. Moore, I want to be sure that you understand
14  that during the period of supervised release, if you
15  violate any term or condition of supervised release, you
16  could be brought back to court and sentenced to up to two
17  additional years in prison, so it's very important that
18  you both understand each of the terms and conditions of
19  supervised release and that you abide by them. These
20  conditions will be provided to you in writing. If you
21  ever have any question about what you're required to do or
22  prohibited from doing, I urge you to contact your lawyer
23  or to contact the probation officer. I don't want you to
24  mistakenly violate any term or condition of supervised
25  release.



Opportunity ★ Guidance ★ Support

## Wage And Workplace Standards Division

| Wage Payment | Working Conditions |
| (860) 263-6790 | (860) 263-6791 |
| Minimum Wage/Overtime | Public Contract Compliance |
| (860) 263-6790 | (860) 263-6790 |
| Website | Fax |
| www.ctdol.state.ct.us | (860) 263-6541 |

June 3, 2005

Kenneth Moore
110 Raintree Court
Aurora, IL 60504

RE:    L&S Mortgage

Dear Mr. Moore:

Enclosed is a Writ of Execution that our office received from U.S. District Court, Bridgeport, Connecticut. This office will be sending your wages to the US Attorney. We are no longer going to pursue for additional compensation. If you feel you are entitled to additional wages you will need to hire a private attorney.

Respectfully,

*Amy Jachimowski*

Amy Jachimowski
Wage Enforcement Agent
(860) 263-6719

Enclosure

200 Folly Brook Boulevard, Wethersfield, CT 06109-1114 • Fx: 860.263.6541 • www.ctdol.state.ct.us
An Equal Opportunity/Affirmative Action Employer

06/13/2005 MON 08:06 [TX/RX NO 6707] @003



**Opportunity • Guidance • Support**

**CONNECTICUT DEPARTMENT OF LABOR**

*Wage And Workplace Standards Division*

Wage Payment
(860) 263-6790

Minimum Wage/Overtime
(860) 263-6790

Website
www.ctdol.state.ct.us

Working Conditions
(860) 263-6791

Public Contract Compliance
(860) 263-6791

Fax
(860) 263-6541

May 4, 2005

Kenneth Moore 15082-014
FCI P.O. Box 2000
Unit No. 5741 East
Fort Dix, NJ 08640

Re: L&S Mortgage

Dear Mr. Moore:

Reference is made to the claim for wages that you filed against the above named company.

A final settlement has been reached. L&S Mortgage has agreed to pay $10,620.72 in back wages on the Peters, Brown, Alwani, Mitchell, Gulley and Drayton loans. For a detailed breakdown, refer to Field Supervisor Barrachina's March 29, 2005 letter. Be advised that there were no documents to support your commission plan to include payment on the Yield Spread.

The payment plan is as follows: L&S Mortgage will make payments to the Department of Labor. This is a standard operating practice to ensure the checks are negotiable. The payment plan calls for payment of $1,620.72 to be made by May 20, 2005. Each month thereafter a total of $1,000.00 is due until the bill is paid in full. You will be contacted again in regards to the collection of these wages.

Respectfully,

*Amy Jachimowski*

Amy Jachimowski
Wage Enforcement Agent
Ext. (860) 263-6719

200 Folly Brook Boulevard, Wethersfield, CT 06109-1114 • Fx: 860.263.6541 • www.ctdol.state.ct.us
*An Equal Opportunity/Affirmative Action Employer*

06/13/2005 MON 08:06 [TX/RX NO 6707] ☒002