UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | Docket No. 3:03CR78 (SRU) |
| KENNETH MOORE | : | September 23, 2005 |

GOVERNMENT'S OBJECTION TO REQUEST FOR HEARING

The Government hereby respectfully objects to the Defendant, Kenneth Moore's Request for Hearing, filed September 19, 2005, based upon the following reasons.

Introduction

The Defendant, Kenneth Moore, pled guilty to an offense of identification fraud. As a result, on May 17, 2004, Defendant Moore was sentenced to a term of incarceration and ordered to pay restitution in the amount of $209,669.25, plus interest, to several victims. A copy of the Judgment in a Criminal Case (JCC) is attached as Exhibit A.

A separate Restitution Order was entered on May 18, 2004, which specifically provided that restitution was "due and payable immediately", and required payments from Defendant Moore to commence during his period of incarceration, should he participate in the Inmate Financial Responsibility Program. A copy of the Restitution Order is attached as Exhibit B. As of September 23, 2005, the Clerk of Court has received three payments from Defendant Moore which total $100.00, and which have been applied to his restitution debt.

On or about August 10, 2004, the Government filed a Notice of Lien on the Hamden, Connecticut Land Records, thus perfecting a lien in favor of the United States, on behalf of the

victims, for the entire restitution amount, in accordance with 18 U.S.C. § 3613. A copy of the Government's Notice of Lien is attached as Exhibit C.

The Government subsequently learned that Defendant Moore had filed an administrative claim with the State of Connecticut's Department of Labor (DOL), seeking unpaid wages from a former employer. Accordingly, on May 23, 2005, the Government obtained a Writ of Execution pursuant to 28 U.S.C. § 3203, attaching to any funds that may be due Defendant Moore as a result of his administrative claim. The Writ of Execution was duly served upon the State's DOL, as well as Defendant Moore. Defendant Moore was successful in his administrative claim, and the State's DOL issued an administrative finding requiring Defendant Moore's former employer to pay a total of $10,620.72 to Defendant Moore. To date, the former employer has paid a total of $5,620.72, which is currently held by the State DOL. The former employer is required to continue making $1,000.00 monthly payments, and will finish its payments on or about February 20, 2006. The Government respectfully contends that the funds being paid by Defendant Moore's former employer, and held by the State DOL are subject to this Court's Writ of Execution.

Argument

Defendant Moore bases his Request for Hearing on 28 U.S.C. § 3203(a), and argues that the Writ of Execution served on the State's DOL should be quashed for two reasons. First, because an appeal is pending with the Second Circuit Court of Appeals; and second, that his restitution debt is not immediately due. Based upon the following reasons, these arguments must fail as a matter of law.

A.	The Hearing

First, Defendant Moore's reliance upon 28 U.S.C. § 3203(a) is misplaced. Section 3203 concerns writs of execution, and is one of several post-judgment remedies available to the Government pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001 et seq. Section 3202 of the FDCPA, entitled "Enforcement of judgments" sets forth several criteria applicable to all post-judgment remedies, including writs of execution. It is this Enforcement of judgments section, and specifically 28 U.S.C. § 3202(d) which sets forth guidance concerning hearings associated with post-judgment FDCPA remedies.

Section 3202(d) provides that first, a hearing must be requested within 20 days after receiving notice. Here, Defendant Moore received notice of the writ of execution through service by United States Marshal on June 20, 2005. Included with service was a sample Request for Hearing and Clerk's Notice, which provided instructions on how and where to file a request for hearing. Thus, Defendant Moore's request for hearing was due by no later than July 11, 2005. Obviously, Defendant Moore's recently filed request for hearing (filed on September 19, 2005), was filed over two months *after* his deadline expired. For this reason alone, Defendant Moore's Request for Hearing should be rejected as untimely.

More importantly, the hearing provided by 28 U.S.C. § 3202(d) is extremely limited in scope. Specifically, the hearing is limited to considering the validity of a claim of exemption; and/or compliance with FDCPA standard requirements[1]. Defendant Moore has failed to seek a hearing under either category, and thus as a matter of law, no hearing is authorized.

---

[1] A third category applies to default judgments, only.

3

B.   The Appeal

Defendant Moore makes a blanket statement that his "case is pending before the 2nd Circuit Court of Appeals". In fact, this Court's docket indicates that on July 11, 2005 the Second Circuit Court of Appeals issued a mandate remanding the case to this Court for purposes of post-Crosby proceedings. In any event, either the Court of Appeals or the District Court may issue a stay concerning the payment of restitution pursuant to Fed.R.Crim.P. 38(e). However, Rule 38(e)(2), entitled "Ensuring Compliance" provides that the Court may also "issue any order reasonably necessary to ensure compliance with a restitution order", including a restraining order, injunction, an order requiring the defendant to deposit funds with the Registry of the Court, or requiring the posting of a bond.

The dockets of both the Second Circuit Court of Appeals and this District Court do not indicate that a stay has been issued concerning Defendant Moore's obligation to pay restitution to his victims immediately. Should this Court consider issuing a stay, the Government respectfully requests to be heard concerning the issuance of a subsequent order to ensure compliance with Defendant Moore's restitution obligation. At a minimum, the Government will request that the State DOL be directed to deposit the subject funds with the Registry of the Court; or, in the alternative, that Defendant Moore be required to post a bond in an amount equivalent to the amount of funds held by the State DOL.

C.   Restitution is due and payable immediately

Construing Defendant Moore's argument liberally, he appears to argue that because the JCC issued in this case does not specifically state that restitution is "due and payable immediately", he should not be required to make any payments until he is released from custody.

In support of his argument, Defendant Moore provided two pages, only, of what appears to be his lengthy sentencing transcript, relating to a discussion concerning his obligation to make restitution payments during his term of supervision. Defendant Moore's argument that restitution is not due immediately fails on two important grounds.

First, 18 U.S.C. § 3572(d) statutorily *requires* that payment be due and payable immediately, unless otherwise specified by the Court. *See also* 18 U.S.C. § 3664(f)(1)(B)(2). Thus, a district court must affirmatively state that restitution is *not* due immediately. Here, a plain reading of the JCC and the portion of the transcript provided by Defendant Moore shows that these documents are primarily dealing with Defendant Moore's payment obligations while on supervision.

Second, nothing could be clearer than this Court's Restitution Order, issued in conjunction with the JCC, and completely ignored by Defendant Moore, which stated that restitution is "due and payable immediately".[2]

Based upon these reasons, Defendant Moore's restitution obligation was due and payable upon the imposition of his sentence on May 17, 2004.

## Conclusion

Based upon all the foregoing reasons, and in the interest of justice, particularly on behalf of the victims in this matter, the Government respectfully requests that Defendant Moore's

---

[2] Even if the JCC did affirmatively state that payments need not commence until Defendant Moore's release from custody, such a provision would be diminished by virtue of the Government's lien, which reduced Defendant Moore's restitution debt to a civil judgment, and therefore carries no restrictions on immediate enforcement. *See* 18 U.S.C. §§ 3613(a) and 3664(m)(1)(B); *United States v. Corbett*, 357 F.3d 194, 196 (2nd Cir. 2004); *United States v. Walker*, 353 F.3d 130, 133 (2nd Cir. 2003).

Request for Hearing be denied, and that this Court affirm its Writ of Execution, requiring that the State DOL turnover the subject funds to the Clerk of Court for application to Defendant Moore's restitution debt.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney

Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT   06510
(203) 821-3780
Fax: (203) 773-5392
Federal No. CT3393
Email: Christine.Sciarrino@usdoj.gov

<u>Certification</u>

  This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 23rd day of September, 2005, to:

Kenneth Moore
USP - Lewisburg


Deirdre A. Murray
AFPD
2 Whitney Avenue
Suite 300
New Haven, CT   06510

                _____
                Christine Sciarrino