UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No.3:03cr78(SRU) |
| v. | |
| KENNETH MOORE | October 14, 2005 |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

On June 17, 2005, the United States Court of Appeals for the Second Circuit granted the defendant's motion, which had been made with the Government's consent, to remand the case to the district court "to determine whether to resentence" the defendant in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and the Court of Appeals's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). On June 28, 2005, in light of the remand order, the Government filed a motion with the Court seeking, inter alia, an order requesting the filing of sentencing memoranda to address whether a nontrivially different sentence should be imposed in the wake of Booker and Crosby. On June 30, 2005, the Court issued such an order and asked the parties to file sentencing memoranda on or before July 29, 2005. Both parties filed sentencing memorandum in compliance with this order.

On October 11, 2005, the defendant filed a supplemental memorandum in aid of sentencing. In that memorandum, the defendant claimed that both his post-sentencing rehabilitative efforts and his family obligations warrant consideration by the Court in determining whether resentencing is appropriate in light of the Supreme Court's decision in Booker. With respect to post-sentencing rehabilitative efforts, the defendant asserted that, since the start of the service of his sentence in this case, he has completed six college courses, has received vocational training, has volunteered his time

1

to repair bicycles for underprivileged children, has been involved in panel discussions with inmates and inner-city children regarding the importance of living a crime-free and drug-free life, and has faithfully attended meetings to address his substance abuse problems. With respect to his family obligations, the defendant asserted that, since his incarceration, his grandmother has entered a hospice facility as a result of her battle with lung cancer, his mother has recently undergone heart surgery, his brother has recently had emergency surgery for colon and prostrate cancer, and his son has had to leave college for lack of funds to pay for tuition. The defendant argued that the Court should take into consideration these facts when determining whether it would have imposed a non-trivially different sentence under the advisory scheme created by Booker.

       The Government respectfully disagrees with the defendant's suggestion that the information in his supplemental memorandum is relevant to the issue before the Court. In Crosby, the Second Circuit concluded that "the 'further sentencing proceedings' generally appropriate for pre-Booker/Fanfan sentences pending on direct review will be a remand to the district court, not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime . . . ." Crosby, 397 F.3d at 117 (emphasis in original). The court made clear that the district court was to consider "the circumstances existing at the time of the original sentence" in making its determination. See id. Indeed, the court explained, "If, based solely on the circumstances that existed at the time of the original sentence, the sentencing judge decides to resentence, the judge will have to consider the issue of what current circumstances are to be considered . . . ." Id. at 118 n.19.

       The issue before this Court is whether it would have imposed a non-trivially different sentence on May 17, 2004 had the Sentencing Guidelines been advisory, rather than mandatory. The

factual allegations set forth in the defendant's supplemental memorandum are not relevant to that determination.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

        ROBERT M. SPECTOR
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO. CT18082
        450 MAIN STREET
        HARTFORD, CT 06103
        860-947-1101

## **C E R T I F I C A T I O N**

    This is to certify that on October 14, 2005 a true and correct copy of the foregoing was sent via regular mail to

Ms. Deirdre Murray
Assistant Federal Public Defender
Officer of the Federal Public Defender
2 Whitney Avenue
New Haven, Connecticut 06510

United States Probation Officer Christopher Rogers
United States Probation Office
157 Church Street, 22nd Floor
New Haven, Connecticut 06510

        ROBERT M. SPECTOR
        ASSISTANT U.S. ATTORNEY