September 29, 2005

Clerk of the Court
U.S. District Court
District of Conneticut
Federal Courthouse Building
101 Lafayette Boulevard
Bridgeport, CT 06601

Criminal No. 3:03CR78(SRU)

United States District Court
District of Connecticut
FILED AT    BRIDGEPORT
04/14/2005
Kevin F. Rowe, Clerk
By D. Baldwin
Deputy Clerk

Dear Clerk of the Court:

The Defendant respectfully submits this reply in response to the Government's <u>Objection To Request For Hearing</u>. The Government continues to contend that the Defendant's restitution order entered by the court, stipulates that payments are "**immediately due** ", and the Defendant's request for a hearing was not timely. More importantly here, the Government's Writ of Execution is not valid and lacks any merit. On June 10, 2005 the Defendant received notice from the Department of Labor (DOL), that his successful administrative claim against his former employer L&S Mortgage, was subject to attachment due to the Government's Writ of Execution. On June 13, 2005 a copy of the Writ of Execution was faxed to the Defendant's attorney. On June 15, 2005 the Defendant sent written notice requesting his attorney to file a [**Notice Requesting A Hearing**] five day's before the marshal's service on Defendant June 20, 2005. (See Letter) **Rule 44(a) Federal Rules of Criminal Procedure, "The Defendant's right to counsel at every stage of proceeding's, from initial appearance through appeal** ". The Defendant relied solely on his attorney to file notice in a timely manner. Subsequently, the Defendant filed **Notice For A Hearing** as soon as he realized his attorney had not done so, Pursuant to 28§U.S.C. 3202 (d). See Letter) In the defendant's prior letter to the Court, the Defendant did misplace 28§3203 for 28§3202(d).

As to the valaidity of the Government's claim, the Defendant contends that the Government Writ of Execution filed against the Defendant's wage earnings is not valid.

<u>28§U.S.C. §3203(a)</u> ) [Execution] Property Subject To Execution

"The debtor's earnings shall not be subject to execution while in the posession, custody, or control of the debtor's employer".

The Government's contention that the Defendant stipulated to a restitution, "**due immediately**" in his plea agreement, or ordered by the Court, is simply without merit. Neither does it state or is there any such provision written in the Defendant's plea agreement or [**Rider Concerning Restitution**] dated February 27, 2004. Apparently, the [**Seperate Restitution Order**] was entered May 18, 2004, the day after the Defendant's sentencing hearing,without the Defendant being present. The Defendant nor his attorney has been priviledged to the Government [**Seperate Restitution Order**[ until now. The Defendant's Judgement in Criminal Case and Sentencing Transcripts clearly specify the Defendant's restitution order as being, installment payment's of two hundred($250.00) fifty dollars per month

during the Defendant's supervised release, as so ordered by the court.

### 18§ U.S.C. 3572(d)(1) Time, Method of Payment and Related Items

"A person sentenced to pay a fine or other Monetary penalty, including restitution, shall make such payment immediately, [unless] in the interest of justice, the court provides payment on a date certain, or in [installments]".

Clearly in the Defendant's case, the Court ordered the Defendant to pay a special assessment of one hundred ($100.00) dollars, which the Defendant has paid timely, and two hundred ($250.00) fifty dollars per during supervised release. The Court entered this order at the Defendant's sentencing hearing and subsequently in the Defendant's (JCC). (See Transcripts, JCC) **U.S. v. Nucci 364 F.3d 419 (2nd Cir. 2004)**.

Respectfully, the Defendant moves to quash the Government's Writ of Execution, because it is not valid and lacks any merit for all the forgoing reasons. The Defendant request that the Court proceed with the original order on the Defendant of installment payments during the Defendant's supervised release. The Defendant further request that the Court issue an order directing the Department of Labor(DOL) to turn over the Defendant's wage earnings, so he may support his three dependent children, and be prepared to pay restitution upon supervised release.

Respectfully submitted,

*Kenneth Moore* (signature)

Kenneth Moore

Kenneth Moore
15082-014 RDAP
P.O. Box 1000
Lewisburg, PA 17837


cc: Deidre A. Murray, AFPD
    Federal Defender's Office
    2 Whitney Avenue Suite 300
    New Haven, Ct 06510


    Christine Scrarrino, AUSA
    U.S. Attorney's Office
    P.O. 1824
    New Haven, CT 06510

\* U.S v. Nucci 364 F.3d 419 ( 2nd Cir. 2004 )

Where a judgement is silent as to the timing of restitution payment, the default rule is that full payment is to be immediate: " A person sentenced to pay .... restitution[ ] shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments " 18 U.S.C. § 3572(d)(1). ie; ( See Defendant's sentencing transcripts)

Even if as the Government's contends the Defendant's restitution is " immediately due ", or as the government suggest that the Defendant's restitution debt would be diminished by virtue of the Government's lien, the Defendant wishes to remind the Court that the Defendant has been incarcerated for sixteen months. [If] the Defendant was ordered to pay two hundred fifty ($250.00) dollars per month, that would total three thousand ($3,000.00) dollars in restitution payments. The State Department of Labor holds in escrow a total of ($5,620.00). At a minimum the Defendant will request that the (DOL) be directed to pay the Defendant ($2,620.00) of his wage earnings, the difference of what would be due if the restitution were to begin before the Defendant's supervised release. The Defendant further suggest that the court would assess a ($250.000 reduction from any future wage earnings due the Defendant from his former employer L & S Mortgage to the Defendant's sucessful administrative claim.