**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

COPY
FILED

JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

CASE NO. 3:03CR78 (SRU)    2004 MAY 18  P 3: 38

**KENNETH MOORE**

Robert M. Spector, Assistant U.S. Attorney

Hamden, CT 06517
SSN:          DOB:

Roger Sigal, AFPD
Defendant's Attorney

The defendant pled guilty to count **One** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **One**, which involves the following offense:

Title & Section: **18:1028(a)(7),(b)(1)(D) and (c)(3)**             Count: **One**
Nature of Offense: **Identification Fraud**
Date Offense Concluded: **3/26/03**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **43 months.** This sentence reflects an upward departure under U.S.S.G. Section 4A1.3, because the defendant's criminal history category significantly under represents the likelihood of recidivism. Upon release from custody, the defendant shall be on supervised release for a term of **3 years.** Restitution is ordered in the amount of $209,669.25.

Special Conditions of Supervised Release include: 1) The defendant shall participate in a substance abuse program, either inpatient or outpatient, as approved by the probation officer, which may include testing to determine if the defendant has used drugs or alcohol. The defendant shall pay all or a portion of the costs associated with treatment based on his ability to pay, in an amount to be approved by the probation officer. 2) The defendant shall pay $209,669.25 in restitution at the rate of $250.00 per month subject to adjustment. 3) The defendant is prohibited from incurring any new credit charges, or opening additional lines of credit, without the approval of the probation officer.

The court recommends to the Bureau of Prisons that: 1) If he qualifies, the defendant be permitted to participate in the 500 hour drug rehabilitation treatment program. 2) The defendant be designated to a facility as close to Connecticut as possible.

The defendant shall voluntarily surrender to the Bureau of Prisons by 2:00 p.m. on June 9, 2004.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

Counts **Two and Three** dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00,** for count One which shall be due **immediately.**

CERTIFIED AS A TRUE COPY
ON THIS DATE 5-18-04
Kevin F. Rowe, Clerk

By: _Alice Montz_
Deputy Clerk

GOVERNMENT EXHIBIT A

**May 17, 2004**
Date of Imposition of Sentence

Stefan R. Underhill, United States District Judge
Date: **May 18, 2004**

#15372-014

June 15, 2005

Ms. Deidre A. Murray
Assistant Federal Defender
Federal Defenders Office
2 Whitney Avenue Suite 300
New Haven, CT 06510

Re: **Writ of Execution/ Wage Attachment**

I would like for you to Motion the court for a hearing on my behalf regarding the **Writ of Execution** of my wages.

My concerns are my ability to pay for my son's college tuition, and support my 9 year old daughter. It seems to me that although the restitution order of payments was to begin once I am on supervised release, a wage attachment of the court ordered $250.00 would have been fair. ($250.00 per month) The actual loss amount was never determined in my case, and the case is not final, therefore how can this **Writ of Execution** really have any merit? Also, I never agreed at any time to pay any interest on any loss amount, at my time of plea, sentencing, or otherwise.

Additionally, would you please let me know the results of the June 10, 2005 court hearing regarding the **Motion to Remand**. Thank you for your time and assistance, I look forward to hearing from you soon.

Sincerely,

*Kenneth Moore*
Kenneth Moore


Kenneth Moore 15082-014
FCI P.O. Box 2000
Unit No. 5741 East
Fort Dix, NJ 08640

**FEDERAL DEFENDER**
DISTRICT OF CONNECTICUT
2 WHITNEY AVENUE, SUITE 300
NEW HAVEN, CONNECTICUT 06510

THOMAS G. DENNIS
FEDERAL DEFENDER

TEL:  (203) 498-4200
FAX:  (203) 498-4207

August 15, 2005

Mr. Kenneth Moore
Inmate No.: 15082-014
Intensive Confinement Center
P.O. Box 1000
Lewisburg, PA 17837

*Omitted*

With regard to the issues relating to the writ of execution, I would suggest that you retain the services of a civil attorney. The Court's final judgement in your case has the effect of a civil judgement and this is a civil matter which should be handled by an attorney versed in this area of the law.

*Omitted*