UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | Docket No. 3:03CR78 (SRU) |
| KENNETH MOORE | : | January 13, 2006 |

GOVERNMENT'S OBJECTION TO DEFENDANT'S
LETTER REQUEST DATED DECEMBER 26, 2005

    The Government hereby respectfully objects to the Defendant, Kenneth Moore's request to strike the Writ of Execution issued by this Court on May 23, 2005. Defendant Moore's arguments are that (1) he is only required to make monthly payments of $250.00 during his term of supervised release; (2) the funds currently held by the State of Connecticut's Department of Labor are not subject to execution pursuant to 28 U.S.C. § 3203; and (3) Defendant Moore has incurred financial hardship.

    The Government notes that since sentencing on May 17, 2004, Defendant Moore has made only three payments totaling $100.00, and has made no payment since January, 2005. Defendant Moore was ordered to contribute half of his Bureau of Prisons wages toward his restitution debt, and could do so by participating in the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"). Defendant Moore is currently in violation of this Court's Restitution Order as he continues to be employed by the BOP, assisting other inmates as a legal clerk, while making no payments toward his restitution debt.

While this Court's Writ was served on the State of Connecticut's Department of Labor on June 6, 2005, the Government directed the Department of Labor to hold the subject funds until a decision is issued with respect to the Defendant's pending requests before this Court.

Argument

In addition to the reasons articulated in the Government's Objection to Request for Hearing, filed September 26, 2005, the Government maintains that Defendant Moore's requests should be denied for the following reasons.

1.  Payment of the restitution debt is "due and payable immediately"

The Judgment entered in this case stated in relevant part that Defendant Moore "shall pay $209,669.25 in restitution at the rate of $250.00 per month subject to adjustment". The Restitution Order stated in relevant part that Defendant Moore "shall pay the sum of $209,669.25 as restitution to the victims in the case, due and payable immediately . . ." The Restitution Order also provided that if Defendant Moore works during his period of incarceration, he is required to make payments, by participating in the IFRP.

The Restitution Order further provided that:

> To the extent any of the restitution remains unpaid at the time of the defendant's release from prison, payment of the remaining unpaid restitution will constitute a special condition of the defendant's term of supervised release, together with the special condition that he obtain full-time employment. Restitution shall be paid in an amount of not less than $250.00 per month; and said monthly amount may be increased commensurate with the defendant's income;

Taking together the provision in the Judgment that allowed for "adjustment" of the terms of payments; the Restitution Order's specific statement that the restitution debt is "due and payable

immediately"; the contemplation that payments should be made during incarceration; and that *if* restitution remains unpaid at the time of release, payments of "not less than $250.00" should commence, it is clear that the Court contemplated restitution payments during the period of incarceration.

    Moreover, as discussed in footnote 2 of the Government's Objection, filed September 26, 2005, the Government has reduced the criminal judgment to a civil judgment and recorded a lien on behalf of the victims. The Government may enforce its civil judgment to the full extent of the law and collect on the entire amount of that civil judgment without restriction. *See* 18 U.S.C. §§ 3613(a) and 3664(m)(1)(B); *United States v. Corbett*, 357 F.3d 194, 196 (2nd Cir. 2004); *United States v. Walker*, 353 F.3d 130, 133 (2nd Cir. 2003). Thus, even if the Judgment and/or Restitution Order specifically restricted immediate payment (which they do not), that restriction would be severely undercut by the civil judgment.

    Lastly, both the Judgment and Restitution Order provided that the terms of payment are "subject to adjustment". Authority for adjustment is found at 18 U.S.C. § 3664(k), which permits the Court either sua sponte, or upon notification from the victim or the Government of a change in economic circumstances to adjust a payment schedule, including requirement of immediate payment "as the interests of justice require". The Government submits that the nearly $11,000.00 that the State of Connecticut's Department of Labor will collect certainly constitutes a change in Defendant Moore's economic circumstances. To the extent this Court deems that the Judgment and/or Restitution Order needs to be adjusted, the Government respectfully requests that the Court make the adjustment that it deems appropriate pursuant to 18 U.S.C. § 3664(k).

2. <u>The funds currently held by the State of Connecticut's Department of Labor are subject to execution pursuant to 28 U.S.C. § 3203(a)</u>

Defendant Moore has asserted in his letters to the Clerk of Court dated September 29, 2005 and December 26, 2005 that the Writ of Execution is invalid because 28 U.S.C. § 3203(a) provides that a debtor's earnings are not subject to execution while in the possession, custody, or control of the debtor's employer. Apparently, since the subject funds currently held by the State of Connecticut's Department of Labor are related to a labor dispute between Defendant Moore and his former employer, Defendant Moore has simply concluded that the funds somehow fall within exemption from execution. Defendant Moore's argument fails as a matter of law, based on the following reasons.

First, 28 U.S.C. § 3203(a)(as quoted by Defendant Moore) provides in relevant part that a debtor's earnings are exempt *while in the possession, custody, or control of the debtor's employer.* In this case, the subject funds are *not* in the possession, custody or control of Defendant Moore's former employer, but rather in the custody of the State of Connecticut's Department of Labor. This Court's Writ of Execution was served upon the Department of Labor, and it is the Department of Labor that is currently holding the subject funds.

The purpose behind the exemption of wages under 28 U.S.C. § 3203(a) is so that Section 3203 executions would not limit or interfere with the Government's right to garnish wages pursuant to 28 U.S.C. § 3205. Here, the subject funds are the result of a claim made by Defendant Moore with the Department of Labor, and a settlement reached by the Department of Labor ( on behalf of Defendant Moore) and Defendant Moore's former employer. The subject

funds are not Defendant Moore's current earnings, but rather a settlement amount, and thus the exemption provided under 28 U.S.C. § 3203(a) does not apply.

Furthermore, even if it were determined that the subject funds constituted earnings in the possession, custody or control of Defendant Moore's former employer, the Government respectfully reserves its right to immediately seek a wage garnishment under 28 U.S.C. § 3205, and garnish (rather than execute) the subject funds for payment of restitution.

3. <u>The victims are entitled to restitution despite any financial hardship that Defendant Moore may claim.</u>

Through the restitution statutes, Congress intended that victims be compensated for their losses in the shortest time possible. *See 18 U.S.C. § 3572(d)(payment due immediately); 18 U.S.C. § 3664(f)(1)(A)(restitution for full amount without regard to defendant's economic circumstances).*

It is at sentencing that the Court is required to make determinations concerning a defendant's ability to pay. Once a judgment and restitution order have been imposed, and a payment schedule set, the terms of payment may only be modified under certain circumstances. *See 18 U.S.C. § 3664(o).* Any adjustment to the payment schedule, as permitted under the Judgment and Restitution Order in this case, may only be made by the Court, or upon notice of the Government or the victim. There is no authority for Defendant Moore to petition this Court for an adjustment based upon his economic circumstances. *See 18 U.S.C. § 3664(k).*

Additionally, as previously argued by the Government in its September 26, 2005 objection, even if a hearing concerning the Writ of Execution were held, the hearing would be extremely limited in scope. *See 28 U.S.C. § 3202(d).* Defendant Moore would not be permitted

to argue at such a hearing that he should be excused from his payment obligations due to his current economic circumstances and alleged family needs. Significantly, Defendant Moore has failed to advise this Court that in addition to retaining all his BOP earnings, he is also receiving regular deposits of $1,200.00 into his commissary account from outside sources. Thus, Defendant Moore's claims of his dire economic circumstances lack credibility. Yet, even if Defendant Moore's claims were credible, there is nevertheless no provision at law that allows a defendant's personal needs/debts to take priority over his debt to his victims.

Conclusion

Accordingly, the Government respectfully requests that this Court deny Defendant Moore's requests. In the event that Defendant Moore's requests are denied, the Government will immediately instruct the State of Connecticut's Department of Labor to disburse the subject funds to the Clerk of Court to be applied to the restitution debt and distributed to the victims.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney


Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT  06510
(203) 821-3780
Fax: (203) 773-5392
Federal No. CT3393
Email: Christine.Sciarrino@usdoj.gov

<u>Certification</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 13th day of January, 2006, to:

Kenneth Moore
Lewisburg-USP
R.D. #5
P.O. Box 1000
Penn Road
Lewisburg, Pennsylvania   17837


Deirdre A. Murray
AFPD
2 Whitney Avenue
Suite 300
New Haven, CT   06510

                                                                            _____
                                                                            Christine Sciarrino