JAN 3 0 '2006

FILED

2006 JAN 31  A 8:02

DISTRICT COURT

January 24, 2006

Clerk of the Court
United States District Court
District of Conneticut
915 Lafayette Boulevard
Bridgeport, CT 06601

Re: **Kenneth Moore V. United States of America**
    **Docket No. 3:03 CR78 (SRU)**
    <u>Response To Government's Objection Dated 1/13/06</u>

Dear Clerk of the Court:

The Defendant Kenneth Moore respectfully submits this response to the Government's objection to the Defendant's letters dated December 26, 2005 and September 29, 2005. The Defendant does not wish to belabor the issue regarding the Government's Writ of Execution. However, pursuant to 28 U.S.C § 3203(a); the Defendant's wage earnings are exempt from execution or attachment. The Defendant asserts that he is in full compliance with the restitution order placed on the record by the Honorable Judge Underhil at the Defendant's sentencing hearing, May 17, 2004. (See Transcript Pg. 101)

The Defendant has paid the $100.00 assessment fee ordered by the Court, and intends to make the $250.00 scheduled monthly payments during his supervised release as required, upon obtaining gainful employment as part of the conditions of Defendant's supervised release.

The Defendant is employed by the Burreau of Prisons (BOP) as a legal clerk, and currently is paid on the average $7.20 per month. The Defendant has been incarcerated for apprximately 20 months, and every six months the defendant meets with his Unit Team Case Manager and Counselor to discuss Defendant's progress. At Defendant's initial Unit Team conference in June of 2004 it was determined by BOP staff that according to Defendant's Judgement Committment, restitution was due during Defendant's supervised release. As a result of the controversy surrounding the Government's Writ of Execution, the District Attorney did contact Defendant's present Case Manager to infer that Defendant's restitution payments of $250.00 per month are "due and payable immediately". This is incorrect and not what the Court intended when ordering the Defendant to pay restitution. <u>**United States V. Bedonie 317 F.Supp.2d 1285 (D.Utah 2004) United States V. Mortimer 52 F.3d 429, 436(2nd Cir.1995), cert.denied, 516 U.S. 877, 116 S.Ct 208, L.ED.2d 141(1995) United States V. Kinlock, 174 F.3d. 297, 301 (2nd Cir. 1999)**</u>

Further, although the restitution order may be subject to "adjustment", or the Government has reduced the criminal judgement to a civil judgement, the restriction still remains that the Defendant's wage earnings are exempt from execution or attachment, therefore the Government's Writ of Execution should be stricken.

The Government contends that Defendant's argument pursuant to 28 U.S.C. § 3203(a) fails as a matter of law. The Defendant disgrees. The funds being held in escrow by the Department of Labor are wage earnings that were settled by the Department of Labor on behalf of Defendant by administrative remedy against Defendant's former employer L&S Mortgage. These funds being held are wage earnings owed Defendant from previous employment, and therefore are exempt from the Government's Writ Of Execution. Whether or not Defendant's wage earnings were previous wage earnings or current wage earnings is not specified in § 3203(a). Moreover, the wage earnings in the possession of the Department of Labor's escrow belong to the Defendant not the Labor Department as the Government contends, therefore this Court should oeder the release of the Defendant's wage earnings accordingly.

Furthermore, should the Court grant Defendant's request to strike the Government's Writ of Execution, the subject wage earnings would not be subject to garnishment pursuant to 28 U.S.C. § 3205, whereby it is codified "a court may issue a writ of garnishment against property (including nonexempt diposable earnings) in which the debtor has a substantial nonexempt interest". Thus Defendant's wage earnings would be exempt from garnishment, or at a minimum, subject to a 20%-25% wage attachment.

The Government's argument that the victims are entitled to restitution despite Defendant's hardships is true. The Defendant would like nothing more than to begin to make restitution payments to the victims and begin to put these circumstances behind him, unfortunately, Defendant has not had the financial resources to do so. The opportunity to garner Defendant's (50%) BOP earnings by participating in the BOP "IFRP" has always existed, and Defendant would have agreed if directed by BOP staff, however, Defendant was never directed to participate. The Government's suggestion that Defendant receives regular deposits of $1200.00 into his commissary account is misplaced. First, Defendant receives an average of $90.00-$100.00 a month from outside sources to cover the cost of maintaining contact with Defendant's family, (300 minutes per month @ .23¢ = 69.00), (book of stamps $7.80), and (personal toiletries $23.00). Secondly, Defendant's family members and friends are not responsible for Defendant's restitution.

In light of Defendant's hardships as expressed in Defendant's previous request to this Court, and in all due respect to the victims, Defendant respectfully prays that this Court will strike the Government's Writ of Execution so Defendant can support his four dependent children, and be further prepared to make restitution payments to the victims during his supervised release.

Henceforth, Defendant respectfully request that the Court strike the Government's Writ of Execution, and subsequently issue an order to immediately release Defendant's wage earnings form the Department of Labor to Defendant by due order of law.


Respectfully submitted,

*Kenneth Moore*

Kenneth Moore
Defendant

; enclosures


cc: Christine Sciarrino
    United States Attorney
    P.O. Box 1824
    New Haven, CT 06510


    Deidre A. Murray
    Assistant Federal Defender
    Federal Defender's Office
    2 Whitney Avenue Suite 300
    New Haven, CT 06510

File Copy

1st Payment

L & S MORTGAGE, LLC
PAYROLL ACCOUNT
370 BOSTON POST ROAD
ORANGE, CT 06477

01/00

CITIZENS BANK
CONNECTICUT

0993
51-7011/2111
210

5/19/2005

PAY TO THE
ORDER OF    Connecticut Department of Labor

One Thousand Six Hundred Twenty and 72/100************************************    $ **1,620.72

Connecticut Department of Labor
200 Folley Brook Boulevard
Wethersfield, CT 06109-114

MEMO    Kenneth Moore

DOLLARS

PHOTO COPY

⑂000993⑂ ⑈211170114⑈ 20250505452⑊

3rd payment



Received 7/21/05

**L & S MORTGAGE, LLC**
**PAYROLL ACCOUNT**
35 KINGS HIGHWAY
FAIRFIELD, CT 06825

09/04
1151
51-7011/2111
208

PAY TO THE ORDER OF _Connecticut Department of Labor_    DATE _8/20/05_    $ _1,000.00_

_One Thousand_ ———————————————————— DOLLARS

**Citizens Bank**
Connecticut

FOR _Kenneth Moore_

_Lamont Wright_

⑈00115⑈ ⑆211170141⑆ 2230448719⑈

L & S MORTGAGE, LLC
PAYROLL ACCOUNT
35 KINGS HIGHWAY
FAIRFIELD, CT 06825

1162
51-7011/2111
208

DATE 9.19.2005

PAY TO THE ORDER OF Connecticut Department of Labor    $1,000.00

One Thousand 00/100 DOLLARS

Citizens Bank
Connecticut

FOR Ken Moore

Samuel Wright





UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
------------------------------------x
    USA                             :
                                    :
    vs.                             : Civil No. 3:03CR78(SRU)
                                    :
    Kenneth Moore                   :
                                    :
------------------------------------x
```

## ORDER RETURNING SUBMISSION

The Clerk has received **Response to Government's Objection Dated 1/13/06**; however, it is deficient in the area(s) checked below:

(NOTE:  L.R. refers to the Local Rules, District of Connecticut)

1. ✓ **L.R.5(b)**      ✓ **No certificate of service attached to pleading**
   _ Certificate of service fails to list names and addresses of all parties served
   _ Certificate of service is not signed

2. _ L.R.5(d)         Failure to submit document under seal (missing sealed envelope)

3. _ L.R.10           _ Failure to sign pleading (original signature)
                      _ Failure to double space
                      _ Margin is not free of printed matter
                      _ Left hand margin is not one inch;
                      _ Judge's initials do not appear after the case number
                      _ Docket number is missing
                      _ Failure to supply federal bar number
                      _ Holes not punched in document

4. _ L.R.83.1(d)      Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

5. _ Other            ___

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date:_____                    _____
                                     United States District Judge

(sjb)

rev. 7/18/05