UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | : Docket No. 3:03CR78 (SRU) |
| KENNETH MOORE | : January 31, 2006 |

GOVERNMENT'S REPLY TO DEFENDANT'S
LETTER DATED JANUARY 24, 2006

The Government continues to rely on its previously filed Objection to Defendant's Letter Request Dated December 26, 2005. Defendant Kenneth Moore has now filed another letter with the Clerk of Court, dated January 24, 2006, which raises two arguments requiring the Government's response.

The first argument concerns the caselaw relied upon by Defendant Moore at the bottom of page one of his letter. The first case that Defendant Moore relies upon, *United States v. Bedonie*, 317 F.Supp.2d 1285 (D.Utah 2004) was reversed and remanded by *United States v. Serawop*, 410 F.3d 656 (10th Cir. 2005). The restitution issue raised in *United States v. Bedonie* was however, recently addressed in *United States v. Serawop*, — F.Supp.2d —, 2006 WL 119806 (D.Utah Jan.11, 2006). The restitution order entered in *Serawop* is similar to the order in this case, requiring immediate payment in full, and simultaneously requiring payments while incarcerated in the event that payment is not made in full immediately. *See United States v. Serawop*, 2006 WL 119806, at *2. Thus, the holding in *Serawop* supports the restitution order imposed upon Defendant Moore in this case.

The restitution issue raised in *United States v. Mortimer*, 52 F.3d 429 (2nd Cir. 1995) was appealed after remand and considered in a decision often referred to as *Mortimer II, United States v. Mortimer*, 94 F.3d 89 (2nd Cir. 1996). The key restitution issue in *Mortimer II* concerned whether or not the District Court could delegate the determination of a payment scheduled to the Bureau of Prisons, rather than setting a specific payment schedule at the time of sentencing. Thus, Defendant Moore's reliance on the holding in *Mortimer II* as it relates to the issues in this case is misplaced, and off point.

The third case relied upon by Defendant Moore, *United States v. Kinlock*, 174 F.3d 297 (2nd Cir. 1999) was appealed because the District Court ordered payment in full immediately, but had failed to establish a payment schedule during Kinlock's period of incarceration. Unlike *Kinlock*, the restitution order imposed upon Defendant Moore clearly set a payment schedule during Defendant Moore's period of incarceration. Significantly, even the Court in *Kinlock* recognized that "Kinlock is obliged to pay the full amount of restitution when and if he acquires sufficient funds during the pendency of the restitution order." *Kinlock* at 301. This is precisely the situation that Defendant Moore now finds himself in– having a present ability to pay, by virtue of the Department of Labor settlement, which did not exist at the time of sentencing.

The second argument raised by Defendant Moore in his January 24, 2006 letter concerns the characterization of the funds currently held by the Department of Labor. As the Government discussed in its previous objection to Defendant Moore's December 26, 2005 letter, an exemption to the execution statute only applies to funds held by an employer. *See* 28 U.S.C. § 3203(a). The Government maintains that the subject funds are the subject of a settlement reached by the Department of Labor, on behalf of Defendant Moore, and Defendant Moore's

2

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

previous employer. Even if Defendant Moore were correct in his argument that the exemption provided by 28 U.S.C. § 3203(a) somehow applies; *and* the Government was denied the right to pursue the funds through a wage garnishment; the funds must nevertheless be applied to Defendant Moore's restitution debt pursuant to 18 U.S.C. § 3664(n).

Specifically, 18 U.S.C. § 3664(n) provides that, as in this case, if a defendant owes a restitution debt and receives substantial resources from *any* source during his period of incarceration, the defendant "shall be required to apply the value of such resources" to the restitution debt. Thus, in addition to the Government's enforcement efforts, Defendant Moore is also statutorily *required* to turnover the subject funds to the Clerk of Court for payment of his restitution debt. Coincidentally, the applicability of 18 U.S.C. § 3664(n) was recognized in *United States v. Kinlock*, 174 F.3d 297, 301 at n.3 (2nd Cir. 1999), one of the cases relied upon by Defendant Moore.

Respectfully, the Government requests that Defendant Moore's requests be denied pursuant to 18 U.S.C. § 3664(n), and the Department of Labor be directed to turnover the funds to the Clerk of Court.

3

Respectfully submitted,

Kevin J. O'Connor
United States Attorney

Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT   06510
(203) 821-3780
Fax: (203) 773-5392
Federal No. CT3393
Email: Christine.Sciarrino@usdoj.gov

4

## Certification

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 31st day of January, 2006, to:

Kenneth Moore
Lewisburg-USP
R.D. #5
P.O. Box 1000
Penn Road
Lewisburg, Pennsylvania   17837


Deirdre A. Murray
AFPD
2 Whitney Avenue
Suite 300
New Haven, CT   06510

_____
Christine Sciarrino

5