UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:03cr78 (SRU) |
| KENNETH MOORE | |

### RULING ON APPLICATION FOR WRIT OF EXECUTION

The United States has applied, pursuant to the Federal Debt Collection Act of 1990, 28 U.S.C. § 3203(c)(1), for a writ of execution attaching funds collected by the Connecticut Department of Labor on behalf of the defendant, Kenneth Moore.  For the reasons that follow, that application is granted.

On February 27, 2004, Moore pled guilty to identification fraud in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 1028(c)(3).  On May 17, 2004, Moore was sentenced principally to a term of imprisonment of 43 months, to be followed by a period of supervised release of three years.  At sentencing, Moore was ordered to pay $209,669.25 to the victims of his offense.  The Judgment of Conviction in his case states that: "Restitution is ordered in the amount of $209,669.25."  As provided by statute, 18 U.S.C. § 3572(d), and as expressly set forth in the Order of Restitution signed May 17, 2004 and entered May 18, 2004, the restitution amount was ordered "due and payable immediately."  Moore appealed his sentence, and the court of appeals remanded the case pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F3d 103 (2d Cir. 2005).  Neither the court of appeals nor the district court issued a stay concerning the payment of restitution.

Moore latches onto language in the judgment describing his special conditions of supervised release to argue that his restitution obligation did not arise until after his release from

incarceration and that, even then, his obligation was limited to payments of $250 per month. Moore's interpretation of the judgment is facially unreasonable. The second special condition of supervised release provides: "The defendant shall pay $209,669.25 in restitution at the rate of $250.00 per month subject to adjustment." That statement, which reiterates the oral imposition of conditions of supervised release at the sentencing hearing, pertains only to Moore's obligations during the period of supervised release and does not in any way limit the substantive restitution order set forth in the judgment. The special condition of supervised release requires Moore to make payments of at least $250 per month while on supervised release, but does not postpone the effective date of the imposition of restitution nor limit amounts the United States can collect from Moore either before, during or after the period of his supervised release. In an effort to collect the restitution amount, the government obtained and served upon the Connecticut Department of Labor and Moore a writ of execution attaching funds that may be due Moore as a result of his administrative claim against his former employer. Moore won his administrative claim and Moore's former employer was ordered to pay Moore $10,620.72. The Department of Labor has received payments from the former employer and has held them in escrow pending determination of the present application. The government contends that the monies held by the Department of Labor are subject to its writ of execution. Moore seeks a hearing and seeks to quash the writ.

Moore's request for a hearing is denied as untimely and unnecessary. Under 28 U.S.C. § 3202, on which Moore relies, a hearing must be requested within twenty days after receiving notice of the writ of execution. 28 U.S.C. § 3202(d). Moore received notice of the writ of execution on June 20, 2005, but did not request a hearing until September 19, 2005. Moreover,

no purpose would be served by conducting a hearing in this matter because Moore has not sought to raise any issue properly the subject of a hearing as set forth in 28 U.S.C. § 3202(d).

Finally, Moore asserts that the funds held by the Department of Labor are not subject to execution because, under 28 U.S.C. § 3203(a), the "debtor's earnings shall not be subject to execution while in the possession, custody, or control of the debtor's employer." This argument fails for the simple reason that the monies at issue are being held by the Department of Labor and are, therefore, not in the possession, custody or control of Moore's former employer.

Accordingly, Moore's requests for a hearing and to quash the writ of execution are denied. The government's application for a writ of execution seeking attachment of funds held by the Department of Labor on behalf of Moore (doc. # 57) is granted.

It is so ordered.

Dated at Bridgeport, Connecticut this 12th day of May 2006.

     /s/ Stefan R. Underhill
     Stefan R. Underhill
     United States District Judge