UNITED STATES DISTRICT COURT

DISTRICT OF CONNETICUT

UNITED STATES OF AMERICA           :

VS.                                :           Docket No. 3:03CR78 (SRU)

KENNETH MOORE                      :

## MOTION TO QUASH GOVERNMENT'S WRIT OF EXECUTION

The Defendant respectfully hereby request that this Court grant Defendant's Motion To Quash the Government's Writ of Execution because the Defendant's restitution order does not fall within the purview of the Federal Debt Collection Procedure Act (FDCPA).

1) The Defendant was ordered to pay restitution as part of the punishment imposed in criminal proceedings before this Court on May 17, 2004.

2) The Government invoked the FDCPA and sought to compel the Defendant to pay restitution owed as a result of those criminal proceedings, by seeking to attach or place a lien upon the Defendant's wage earnings being held by the State of Conneticut Department of Labor, which funds resulted from a sucessful administrative wage claim against Defendant's former employer, L & S Mortgage.

3) The Government assumed since Defendant was ordered to make restitution as part of his punishment imposed in Defendant's criminal case, it has access to the FDCPA.

(1)

4) This District Court honored the Government's assumption and granted the Government's EX PARTE APPLICATION FOR WRIT OF EXECUTION on May 23, 2005.

5) The Defendant maintains that the Court should have defenestrated the Government's Writ of Execution because the "debt" surrounding the Defendant's restitution order is not a debt within the meaning of the FDCPA.

6) The FDCPA specifically mentions " restitution " among classes of included " debt ", 28 U.S.C. § 3002(3)(b), and the Government posits that we need not look beyond this label.

7) However, the FDCPA does not state that every order of restitution, no more than " rent " or every type of " reimbursement " constitutes an included debt. Rather, the text limits the statute's applicability to restitution that inplicates a " source of indebtedness to the United States.

8) A prototypical case is United States V. Gelb, 783 F.Supp. 748 (E.D.N.Y. 1991), Gelb involved restitution under the RICO statute. Since that statute declares that a convicted person must " forfeit to the United States " any ill gotten gains ( see 18 U.S.C. § 1963(a)(1994), the federal government is the direct beneficiary of the restitution order and the order thus creates a " debt " collectible under FDCPA. In contrast, other types of restitution, which when paid, that will not increase the public revenues, ( say restitution to an individual victim of a crime), as in the Defendant's case, do not come under the statuatory encincture.

(2)

9) In short, the Government wishes to isolate a single word in -"restitution"- and conclude that every order bearing that label automatically falls within the FDCPA's grasp. The Government may only enforce collection under FDCPA when restitution is " owing to the United States. see 28 U.S.C. § 3002(3), 51 F.3d 337(2nd Cir. 1995), U.S. v. COLUCCIO,106 F.3d 1027(1st Cir. 1997) U.S. v. BONGIORNO, and U.S. v. NOVAK 441 F.3d 819(9th Cir. 2006).

10) The Defendant's restitution order is not owed to the United States in an economically meaningful sense, therefore, the Government cannot utilize the FDCPA as a vehicle for collecting such awards, thus the Defendant's restitution order is ineligible for inclusion under the FDCPA on this basis.

11) Further, for this Court to allow the Government to proceed under the FDCPA for no reason other than that collecting a debt serves the public interest, would be totally contrary to Congress's clear intent in passing the FDCPA to exclude private transactions, private " debts ", or third party restitution orders from the grasp of the FDCPA.

12) Even if, as the Government assumes the Defendant's restitution debt falls under the auspices of the FDCPA, the Defendant's wage earnings settlement would then be exempt from enforcement of the Government's Writ of Execution pursuant to 28 U.S.C. § 3203(a). The fact that the Defendant's wage earnings are in the possession of the Department of Labor is irrelevant since the enforcement by the Government under the FDCPA is without merit.

(3)

12) The Government's contends that the Mandatory Victims Restitu-
tion Act (MVRA) , which provides that restitution orders are to be en-
forced by the Government using all of the remedies that are available
for collection of criminal fines,18 U.S.C § 3664(m)(1)(A)(i), see also
United States V. Phillips 303 F.3d 548(5th Cir. 2002) holding that the
MVRA provides the Government authority to enforce victim restitution
orders in the same manner that it recovers fines, and by all other
available means.

13) Additionally, the Government relies on 18 U.S.C. § 3613, which
is entitled " Civil remedies for satisfaction of fines ", and states
that , " an order of resitution made pursuant to the MVRA is a lien in
favor of the United States on all property and rights to property of the
person fined as if the liability of the person fined were a liability
for a taxed assessed under the Internal Revenue Code of 1886 ". 18 U.S.C.
§ 3613(c). Thus Congress has made a policy choice to elevate collection
of criminal restitution orders in the debt collection food chain to equal
the position enjoyed by the IRS in the collection of unpaid tax demands.

14) While this is true, however, the Government has failed to even
mention that in § 3613, Congress also defined what limited types of pro-
perty are beyond the Government's reach when enforcing fines, penalties,
or restitution debt collections pursuant to FDCPA. see Subsections (a)
of 18 U.S.C. § 3613, and 26 U.S.C. § 6334(a)(9) and (d)(2).

15) Moreover, the Government does not have a direct pucuniary in-
terest in the avails of the Defendant's restitutionary order since the

(4)

order is not a debt owing to the United States subject to enforcement under the FDCPA. As such, at a minimum, the Defendant should be entitled to statuatory exemption provisions set forth under 28 U.S.C. § 3205(a) of the FDCPA or 26 U.S.C. § 6334(a)(9) for wages, salary, and other income, where the Government filed a lien under 18 U.S.C. § 3613(a), in that the statuatory provisions require exemptions. United States V. Hart 866 F.Supp. 348.

16) Lastly, this is not to say, however, that the Defendant can or wishes to thumb his nose at the restitution order ordered by the Court. Payment of restitution is a condition of the Defendant's super-vised release, and the Government has adequate remedies if the Defendant flouts this condition of his probation.

17) The parties have argued this issue without reservation, and it is therefore within the District Court's proper province to determine whether the Defendant's restitution order that the Government seeks to enforce, comes within the penumbra of the  FDCPA.

18) Henceforth, the Government's ancillary civil action ought there-fore be quashed, and the State of Conneticut Department of Labor directed to turnover the Defendant's wage earnings being held by the agency to the Defendant as a matter of law.

Respectfully submitted,

_Kenneth Moore_

Kenneth Moore

May 18, 2006
Date

cc: Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06510