UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| VS. : | Docket No. 3:03CR78 (SRU) |
| KENNETH MOORE : | June 14, 2006 |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION TO QUASH

The Defendant, Kenneth Moore, has filed a Motion to Quash Government's Writ of Execution that was issued by this Court on May 23, 2005. For the reasons set forth below, the Government respectfully contends that the issuance of the Writ of Execution was proper and well founded, and that the Defendant's motion to quash should be denied.    Factual Background

Defendant Moore pled guilty to one count of identification fraud and was sentenced on May 18, 2004. As part of the imposition of sentence, Defendant Moore was committed to the custody of the Bureau of Prisons for a period of 43 months, and ordered to pay restitution in the amount of $209,669.25, plus interest. Since the date of sentencing, Defendant Moore has made a total of three payments toward his restitution debt, totaling $100.00[1]. Additionally, the State of Connecticut Department of Labor ("DOL") processed a successful administrative claim against Defendant Moore's former employer. The DOL has

---

[1] Payments were made as follows: $25.00 on September 13, 2004; $25.00 on December 13, 2004; and $50.00 on January 13, 2005.

recovered $10,620.72 from the former employer, which is the subject of the Writ of Execution. The subject funds are currently held by the DOL.

On May 23, 2005, the Court approved the Government's petition and issued a Writ of Execution attaching the funds recovered by the DOL. Defendant Moore was served with the Writ on June 6, 2005. Defendant Moore then filed several challenges to the issuance of the Writ of Execution. Specifically, Defendant Moore filed a letter dated August 18, 2005 and docketed September 19, 2005 (docket entry 67); a Reply dated September 29, 2005 and docketed October 14, 2005 (docket entry 71); an Objection docketed January 4, 2006 (docket entry 72); a Response to Government's Objection Letter dated January 24, 2006 and docketed January 31, 2006 (docket entry 74); and Writ of Execution Letter dated April 26, 2006 and docketed May 12, 2006 (docket entry 76).

The Government responded to Defendant Moore's various filings, and the Court issued its Ruling on May 12, 2006, granting the issuance of the Writ of Execution.

Defendant Moore's most recently filed Motion to Quash, docketed May 22, 2006 (docket entry 78) is yet another challenge to the issuance of the Writ of Execution.

### Argument

1. <u>The Motion to Quash is Untimely.</u>

The Government initially sought relief through its Application for Writ of Execution, pursuant to 28 U.S.C. § 3203 of the Federal Debt Collection

Procedures Act ("FDCPA").  Under the FDCPA, a debtor may move to quash the Government's application by requesting a hearing within 20 days after receiving notice of the commencement of the Government's enforced collection action.  28 U.S.C. § 3202(d).  The Court's Ruling of May 12, 2006 specifically found at Page 2 that "Moore seeks a hearing and seeks to quash the writ."  The Court went on to find that "Moore's request for a hearing is denied as untimely and unnecessary."  Based upon the Government's previous arguments and the reasons articulated in the Court's May 12, 2005 Ruling, the Government respectfully asserts that the Court should adhere to its Ruling and deny Defendant Moore's most recent Motion to Quash as equally "untimely and unnecessary."

    2.    <u>The Motion to Quash Should be Denied Even if Construed as a Motion for Reconsideration</u>.

Should the Court liberally construe Defendant Moore's Motion to Quash as a Motion for Reconsideration[2] of its May 12, 2006 Ruling, the motion should nevertheless be denied for the following reasons.

Pursuant to L.Civ.R. 7( c)1, motions for reconsideration must be filed within ten days of the Court's decision, and must be accompanied by a memorandum "setting forth concisely the matters or controlling decisions" which

---

[2] The Government notes that on May 25, 2006, Defendant Moore also filed a Notice of Appeal of the Court's Ruling of May 12, 2006.  Defendant Moore's pending Motion to Quash was filed and pending prior to the docketing of his Notice of Appeal.  This Court retains jurisdiction until its Ruling becomes a final order. Pursuant to Fed.R.App.P. 4, "the [appeal] clock stops when a party files a motion for reconsideration".  *United States v. Dieter*, 429 U.S. 6, 8 (1976).

Defendant Moore believes the District Court overlooked in its May 12, 2006 Ruling.

Defendant Moore's recently filed Motion to Quash, if construed as a motion for reconsideration, was timely filed pursuant to L.Civ.R. 7( c)1.

The Motion to Quash sets forth two legal arguments, summarized at Paragraphs 9 and 12. The legal issue raised at Paragraph 12 of the Motion to Quash, alleges that the funds held by the DOL should be considered "wages" and exempt from execution pursuant to 28 U.S.C. § 3203(a). This issue has been raised repeatedly by Defendant Moore in docket entries 72, 74 and 76; and fully briefed by the Government. In its Ruling of May 12, 2006, this Court rejected Defendant Moore's arguments, finding that "[t]his argument fails for the simple reason that the monies at issue are being held by the Department of Labor and are, therefore, not in the possession, custody or control of Moore's former employer."

Construing his Motion to Quash as a Motion for Reconsideration, Defendant Moore has failed to set forth any matters or decisions that this Court may have overlooked when it first rejected his exemption argument based on 28 U.S.C. § 3203(a). Thus, the Court should adhere to its May 12, 2006 Ruling concerning the Section 3203(a) exemption argument.

The remaining legal issue summarized at Paragraph 9 of the Motion to Quash has not been previously raised by Defendant Moore. For this reason alone, the motion to quash, construed as a motion for reconsideration, should be denied since Defendant Moore can claim no authority "overlooked" by this Court.

4

Nonetheless, a substantive review of Defendant Moore's new argument shows that it also lacks legal merit and should be rejected on this basis as well.

Defendant Moore summarizes at Paragraph 9 of his Motion to Quash that the Government may not enforce restitution orders on behalf of private victims or, in other words, may only enforce restitution that is due and owing to the United States. In support of this argument, Defendant Moore relies on three cases, *United States v. Novak*, 441 F.3d 819 (9th Cir. 2006), *United States v. Bongiorno*, 106 F.3d 1027 (1st Cir. 1997); and *United States v. Coluccio,* 51 F.3d 337 (2d Cir. 1995).

The Government respectfully submits that Defendant Moore's reliance on the holdings in *United States v. Novak* and *United States v. Coluccio* is misplaced, and that these cases are easily distinguishable from the instant case.

The issue in *United States v. Novak*, 441 F.3d 819 (9th Cir. 2006) concerned the application of the ERISA anti-alienation provision to a pension plan. The Ninth Circuit upheld the Government's use of civil collection remedies to liquidate the defendant's pension plan and disburse the proceeds to private victims.

The issue in *United States v. Coluccio*, 51 F.3d 337 (2d Cir. 1995) concerned the payment of a criminal fine (as opposed to restitution), with the defendant's cash bond, posted by the defendant's mother.

Since the holdings in *Novak* and *Coluccio* are clearly distinguishable from the issue raised in Defendant Moore's motion, they provide no legal basis to support Defendant Moore's argument.

The remaining case relied upon by Defendant Moore, *United States v. Bongiorno*, 106 F.3d 1027 (1st Cir. 1997), does require further discussion. The First Circuit's holding in the *Bongiorno* case represents a split in the Circuits concerning the issue of whether the United States may enforce restitution orders on behalf of private victims.

Significantly, prior to the decision in *Bongiorno*, the Second Circuit had already decided that the Government is authorized to enforce restitution payments on behalf of private victims. Thus, in *NLRB v. E.D.P. Med. Computer Sys., Inc.*, 6 F.3d 951 (2d Cir. 1993), the Second Circuit held that a back pay award obtained by the NLRB on behalf of individual workers constituted a debt owed to the United States for enforcement purposes.

The First Circuit subsequently decided *Bongiorno*, and made it clear that it would not follow the Second Circuit's lead, but instead held that "we find the position taken by the *E.D.P.* majority to be unsatisfactory." *Bongiorno*, 106 F.3d at 1038. Since the *Bongiorno* decision in 1997, the First Circuit has refined its position and moved nearer to the Second Circuit's holding in *E.D.P. See United States v. Rostoff*, 164 F.3d 63, 69 (1st Cir. 1999) (holding that FDCPA is the appropriate collection vehicle for restitution in bank fraud case where the FDIC is the beneficiary).

Since the holding in *Bongiorno*, the Fifth Circuit has outright rejected the First Circuit's position. *See United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002)(a case cited by Defendant Moore).

The Government respectfully contends that the holding relied upon by Defendant Moore in *Bongiorno* is not controlling in the Second Circuit (and other circuits), and thus Defendant Moore's argument should be rejected as a matter of law in the Second Circuit.

Conclusion

Based upon all of the foregoing reasons and in the interest of justice, the Government respectfully requests that Defendant Moore's Motion to Quash be denied. The Government further requests that to the extent Defendant Moore's Motion to Quash is construed as a Motion for Reconsideration of this Court's May 12, 2006 Ruling, that this Court adhere to its Ruling.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney


Christine Sciarrino
Assistant United States Attorney
157 Church Street, 23rd Floor
New Haven, CT   06510
(203) 821-3780
Fax: (203) 773-5392
Federal No. CT3393
Email: Christine.Sciarrino@usdoj.gov

Certification

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this

14th day of June, 2006, to:

Kenneth Moore
Lewisburg-USP
R.D. #5
P.O. Box 1000
Penn Road
Lewisburg, Pennsylvania   17837


Deirdre A. Murray
AFPD
2 Whitney Avenue
Suite 300
New Haven, CT   06510

_____
_____

Christine Sciarrino