UNITED STATES DISTRICT COURT
DISTRICT OF CONNETICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | Case No. 3:03cr78 (SRU) |
| KENNETH MOORE | : | |

## MOTION FOR RERCONSIDERATION FOR RULING ON APPLICATION FOR WRIT OF EXECUTION

Now comes the Defendant in the above entitled action, and respectfully moves this Honorable Court for an order granting Defendant's Motion For Reconsideration of the Court ruling on the Government's Application For Writ of Execution dated May 12, 2006.

### JURISDICTION

This District Court has jurisdiction over this matter as set forth in Rule 60(b) of the Federal Rules of Civil Procedure.

### BACKGROUND

On May 17, 2004 Defendant was sentenced in this District Court and ordered to pay restitution in the amount of $209,669.25 to the victims of his offense with a special condition of his supervised release requiring Defendant to make payments of at least $250.00 per month.

On May 21, 2004 Defendant filed a Statement of Claim with the Department of Labor for wage earnings and commissions owed Defendant

(1)

by Defendant's former employer in the amount of $42,955.00 related to duties performed while employed as loan officer branch manager.

On May 4, 2005 Defendant was successful in his administrative claim against his former employer and awarded a settlement in the amount of $10,620.72, which was administered by the Department of Labor.

Subsequently, the Government filed Ex Parte Application for a Writ of Execution on May 11, 2005, which this Court granted on May 23, 2005, which was then served upon the Department of Labor to attach Defendant's wage earnings.

On or about June 3, 2005 Defendant received notice by letter at his personal residence of the wage earning settlement reached by the Department of Labor and Defendant's former employer for $10,620.72, however, that the wage settlement was subject to attachment as a result of the Government's Writ of Execution.

On June 13, 2005, counsel of record was advised by Defendant's family via facimile of the Writ of Execution served upon the Department of Labor to attach Defendant's wage earnings, and then requested to file the appropiate Notice For A Hearing. 28 U.S.C. § 3202(d). Then, on June 15, 2005, Defendant sent a second request by letter for counsel to file the Notice For A Hearing.

Although Defendant on two seperate occassions requested counsel to file Notice For A Hearing, counsel failed to do so. Defendant was unaware counsel had not filed the notice until receiving notice by a letter on August 15, 2005.

(2)

Immediately thereafter, on August 19, 2005, Defendant sent a letter to the clerk of the Court requesting a hearing.

Since then the parties have argued the issues of whether the Writ of Execution is valid or should be quashed, or whether the Defendant should be entitled to a hearing pursuant to 28 U.S.C. § 3202(d), up until this Court's ruling on May 12, 2006.

## ARGUMENT

The Court's ruling states the Defendant's request for a hearing is denied as being untimely, that Defendant failed to raise any issues properly the subject of a hearing set forth in 28 U.S.C. § 3202(d), that there are no limits set forth in the substantive order of restitution judgement by the Court, and that the monies being held by the Department of Labor are not in the possession, custody, or control of Defendant's former employer, and are therefore subject to execution.

The timeliness of Defendant's request for a hearing was through no fault of Defendant, but as a result of counsels' failure to file Notice For A Hearing following two seperat request made by Defendant prior to the 20 day requirement set forth in 28 U.S.C. § 3202(d). It was not until August 18, 2005 that counsel notified Defendant that counsel would not be representing Defendant in this civil matter.

The Defendant should be entitled to counsel at every stage of the proceedings from initial appearance through appeal pursuant to Rule 44(a) of the FRCP, and under the Sixth Amendment of the United States Constitution.

(3)

The Defendant was abandoned by his counsel of record during the proceedings surrounding the filing of the Government's Writ of Execution, and was not given a fair opportunity to file the request for a Notice For A Hearing pro se, had Defendant of known counsel had not done so until August 18, 2005.

The Defendant has previously raised issues which the Court deems improper for the subject of granting Defendant a hearing as set forth in 28 U.S.C. § 3202(d), however, Defendant respectfully request this Court to consider Defendant's newly discovered issues, arguments, and authorities in support of Defendant's Motion For Reconsideration now before this Court. Further, that any issues that were not previously raised, misplaced, or inadvertently not pleaded, be excused since the Defendant is proceeding as a pro se litigant.

The Government contends that the monies held by the Department of Labor are subject to Writ of Execution and has choose to use the Federal Debt Collection Procedure Act (FDCPA) as the vehicle for collecting the restitution debt owed by Defendant.

However, the Defendant maintains that the Court should have defenestrated the Government's Writ of Execution because the " debt " surrounding the Defendant's restitution order is not a debt within the meaning of the FDCPA.

The FDCPA specifically mentions " restitution " among classes of included " debt ", 28 U.S.C. § 3002(3)(b), and the Government posits that this Court need not look beyond this label.

(4)

The FDCPA does not state that every order of restitution no more than " rent " or every type of " reimbursement " constitutes an included debt. Rather, the text limits the statute's applicability to restitution that implicates a " source of indebtedness owed to the United States.

In short, the Government wishes to isolate a single word in " restitution ", and conclude that every order bearing such label automatically falls within the FDCPA's grasp. The Government may only enforce collection under FDCPA when the restitution is owing to the United States. 28 U.S.C. § 3002(3), United States v. Coluccio 51 F.3d 337(2nd Cir. 1995), United States v. Bongiorno 106 F.3d 1027 (1st Cir. 1997), and Unites States v. Novak 441 F.3d 819(9th Cir. 2006)

Defendant's restitution order is not owed to the United States in an economically meaningful sense, therefore. the Government's cannot utilize the FDCPA as a vehicle for collecting such awards, thus Defendant's restitution order is ineligible for inclusion under the FDCPA on this basis. Futher, for this Court to allow the Government to proceed under the FDCPA would be totally contrary to Congress's clear intent in passing the FDCPA to exclude private transactions, private " debts " or third party restitution orders from the grasp of the FDCPA.

Moreover, the Government does not have a direct pucuniary interest in the avails of the Defendant's restitutionary order since the order is not a debt owing to the United States subject to enforcement under the FDCPA. The fact the Defendant's wage earings are in

the possession of the Department of Labor is irrelevant since the enforcement and execution of the Government's Writ of Exection does not fall under the FDCPA and is therefore without merit.

Congress also defined what limited types of property are beyond the Government's reach when enforcing fines, penalties, or restitution debt collection pursuant to FDCPA. See Subsections (a) of 18 U.S.C. § 3613, and 26 U.S.C. § 6334 (a)(9) and (d)(2).

The Defendant does not wish to thumb his nose at the restitution ordered by the Court. Payment of restitution is a condition of the Defendant's supervised release, and the Government has adequate remedies if the Defendant flouts this condition of supervised release.

**Wherefore,** based on the forgoing arguments and authorities this Court is respectfully urged to reconsider its ruling granting the Government's application for Writ of Execution so that Defendant would not be severly prejudiced by the Court's ruling. The ancillary civil action by the Government ought therefore be quashed, and the State of Conneticut Department of Labor directed to turnover Defendant's wage earnings in the amount of $10,620.72 immediately.

Dated this <u>22</u> day of <u>May</u>, 2006

(6)

Respectfully submitted,

*Kenneth Moore* (signature)

Kenneth Moore, Pro Se

*May 23, 2006* (signature)

Date:

cc: Christine Sciarrino
    Assistant United States Attorney
    United States Attorney Office
    P.O. Box 1824
    New Haven, CT 06510

[Click here and type return address and phone and fax numbers]



# Fax

| | | | |
|---|---|---|---|
| **To:** | Deidre Murray | **From:** | Bernadette Johnson c/o Kenneth Moore |
| **Fax:** | 203-498-4207 | **Pages:** | |
| **Phone:** | | **Date:** | 6/13/2005 |
| **Re:** | | **CC:** | |

x **Urgent**      ☐ **For Review**      ☐ **Please Comment**      ☐ **Please Reply**      ☐ **Please Recycle**

● **Comments:** Please see paperwork for your review. You may forward any correspondence directly to Kenneth Moore at his Fort Dix address.

Thank you so much for you time and attention.



June 15, 2005

Ms. Deidre A. Murray
Assistant Federal Defender
Federal Defenders Office
2 Whitney Avenue Suite 300
New Haven, CT 06510

Re: **Writ of Execution/ Wage Attachment**

I would like for you to Motion the court for a hearing on my behalf regarding the **Writ of Execution** of my wages.

My concerns are my ability to pay for my son's college tuition, and support my 9 year old daughter. It seems to me that although the restitution order of payments was to begin once I am on supervised release, a wage attachment of the court ordered $250.00 would have been fair. ($250.00 per month) The actual loss amount was never determined in my case, and the case is not final, therefore how can this **Writ of Execution** really have any merit? Also, I never agreed at any time to pay any interest on any loss amount, at my time of plea, sentencing, or otherwise.

Additionally, would you please let me know the results of the June 10, 2005 court hearing regarding the **Motion to Remand**. Thank you for your time and assistance, I look forward to hearing from you soon.

Sincerely,

*Kenneth Moore*
Kenneth Moore

Kenneth Moore 15082-014
FCI P.O. Box 2000
Unit No. 5741 East
Fort Dix, NJ 08640

**FEDERAL DEFENDER**
DISTRICT OF CONNECTICUT
2 WHITNEY AVENUE, SUITE 300
NEW HAVEN, CONNECTICUT 06510

THOMAS G. DENNIS
FEDERAL DEFENDER

TEL: (203) 498-4200
FAX: (203) 498-4207

August 15, 2005

Mr. Kenneth Moore
Inmate No.: 15082-014
Intensive Confinement Center
P.O. Box 1000
Lewisburg, PA 17837

Dear Mr. Moore:

    Further to your recent letter and our telephone conversation on Friday, please be advised that I sent a copy of the brief to you on Friday. I sent it regular mail, as I was not authorized to incur the additional charge for overnight delivery on Saturday. I expect that by now you will have received my brief. At this time, we are awaiting word from Judge Underhill as to whether he has determined if resentencing is necessary. As I understand it, if Judge Underhill determines that, despite <u>Booker</u> his decision would not be significantly different than the sentence he originally ordered, no further action will occur at the district court level. At that point, the case could be appealed to the Second Circuit, but the standard of review would simply be one of "reasonableness." If Judge Underhill does think that he would impose a different sentence, a new sentencing will take place, at which time I will do my best to arrange for your appearance by tele-conference.

    With regard to the issues relating to the writ of execution, I would suggest that you retain the services of a civil attorney. The Court's final judgement in your case has the effect of a civil judgement and this is a civil matter which should be handled by an attorney versed in this area of the law.

    With regard to your issues with the BOP, I understand that you feel that you should have been allowed a furlough transfer. The fact that you were not given a furlough appears to be immaterial at this time, as you have already been transferred. It is not my intention to take any further action on this matter as I believe these decisions are within the discretion of the BOP.

If you have any additional questions or concerns, please do not hesitate to contact me.

Sincerely,

Deirdre A. Murray
Assistant Federal Defender