UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH MOORE | NO. 3:03cr78 (SRU) |

### RULING AND ORDER REGARDING *CROSBY* REMAND

Kenneth Moore pleaded guilty to a charge of identification fraud, in violation of 18 U.S.C. §§ 1028(a)(1), (b)(1)(D) and (c)(3). On May 17, 2004, I sentenced Moore principally to 43 months' imprisonment. Moore appealed. On June 17, 2005, the United States Court of Appeals for the Second Circuit granted Moore's motion to remand the case for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Following remand, I solicited briefing from the parties. I have reviewed the parties' briefs, the Presentence Report, and the transcript of the sentencing hearing on May 17, 2004. Based upon that review, I have decided that I would not have sentenced Moore to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his initial sentencing.

My decision is based upon two principal facts. First, at the initial sentencing, I upwardly departed from the otherwise applicable Sentencing Guidelines incarceration range under U.S.S.G. § 4A1.3. This meant that the mandatory nature of the Sentencing Guidelines did not prevent me from imposing the sentence of incarceration that I believed was appropriate, taking into account all of the information I had available to me about Moore. Second, I weighed the factors set forth in 18 U.S.C. § 3553(a) when deciding upon the sentence imposed. Thus, I considered the nature and circumstances of the offense (including the impact on Moore's

victims), the characteristics of the defendant, the purposes of sentencing, and the Sentencing Guideline range. *See* Sentencing Tr. at 96-100 (May 17, 2004). The facts I relied upon at the initial sentencing remain pertinent under an advisory Sentencing Guidelines scheme: a long record of prior convictions, the need for punishment commensurate with the seriousness of the crime, the need to protect the community from Moore, the need to deter Moore and others, and the impact of the crime on the victims. *Id.* at 99-100. At the same time, I was able to consider mitigating factors that together formed the basis for the downward departure motions. *Id.* at 96-97, 98.

These are the same facts that would have led me to impose a sentence not trivially different than 43 months' imprisonment had I been able to sentence Moore under an advisory Sentencing Guideline scheme in May 2004.

Accordingly, I decline to resentence Moore.


Entered at Bridgeport, Connecticut, this 23rd day of October 2006.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge